UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


ANDRES GOMEZ,

      Plaintiff,

vs.

ARAN EYE ASSOCIATES, P.A. and
1097 LEJEUNE INVESTMENTS, INC.

      Defendants.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiff, ANDRES GOMEZ ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants ARAN EYE ASSOCIATES, P.A. and 1097 LEJEUNE INVESTMENTS, INC. (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), as well as violation of Section 504 of the Rehabilitation Act of 1973, 29.USC § 794 (the "Rehabilitation Act") against Defendant ARAN EYE ASSOCIATES, P.A., and alleges as follows:

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

2.      The Court also has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3.      This is an action for injunctive relief, declaratory judgment and monetary damages.

4.      The remedy of monetary damages is sought exclusively under Section 504 of the Rehabilitation Act of 1973 and sought exclusively from Defendant ARAN EYE ASSOCIATES, P.A.

5.      Venue is proper in this federal district as all acts complained of occurred in Miami-Dade County, Florida.

## PARTIES

6.      Plaintiff, ANDRES GOMEZ is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act, is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

7.      Plaintiff uses the term "blind" or "blind person" to refer to persons
with visual impairments who meet the legal definition of blindness in that they
have a visual acuity with correction of less than or equal to 20 x 200.  Some
blind people who meet this definition have limited vision, whereas others have
no vision.

8.      Plaintiff's access to the real property located at 1097 SW Le Juene
Road, Coral Gables, FL 33134 that is listed in the Miami-Dade property
appraiser's office with the folio number of 30-4108-000-0010 ("the Facility")
and/or full and equal enjoyment of the goods, services, foods, drinks, facilities,
privileges, advantages and/or accommodations offered therein were denied
and/or limited because of these disabilities, and will be denied and/or limited
in the future unless and until Defendants are compelled to remove the physical
barriers to access and correct the ADA violations which exist at the Facility,
including those set forth in this Complaint.

9.      Beginning in September of 2010, Plaintiff was a patient at Aran
Eye Associates.  Aran Eye Associates has offices located inside the Facility.
Plaintiff lives nine miles from the Facility.

10.     As a patient, Plaintiff has travelled to the Facility approximately
five times.  The previous time Plaintiff travelled to the Facility was March of
2015.

11.     In this instance, Plaintiff travelled to the Facility as a patient,
encountered the barriers to access at the Facility detailed in this Complaint,
engaged those barriers, suffered legal harm and legal injury, and will continue

to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

12.    Defendant ARAN EYE ASSOCIATES, P.A has a web site with the web site address of www.araneye.com. ("web site")  The web site is a place of public accommodation and has a nexus with the Facility as information and informational services presented in the web site as many of the services and procedures offered at the Facility are detailed on the web site.  As such, the web site is a service of the Facility.

13.    Under the ADA, all places of public accommodation must ensure that the disabled have full and equal enjoyment of its goods and services by making reasonable modifications to its services.

14.    Public policy promotes Internet accessibility for the legally blind.

15.    Plaintiff has attempted to utilize the web site for informational purposes, but due to his disability and ARAN EYE ASSOCIATES, P.A failure to have the web site adequately accessible to individuals with visual impairments, was unable to fully do so.

16.    Covered entities under the ADA, such as ARAN EYE ASSOCIATES, P.A, that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

17.    Defendant, ARAN EYE ASSOCIATES, P.A. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. It operates Aran Eye Associates, located at 1097 SW Le Juene Road, Coral

Gables, FL 33134, referred to in the Complaint as the Facility and operates the web site. ARAN EYE ASSOCIATES, P.A. is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

18.     ARAN EYE ASSOCIATES, P.A has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations through the Facility and the web site in violation of 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201 by failing to adequately program the web site to accurately and sufficiently integrate with common commercially available screen reader software utilized by Plaintiff and others with visual disabilities.

19.     Plaintiff utilizes JAWS Screen Reader software, the most popular screen reader software utilized worldwide.

20.     Specifically, the web site discriminates against individuals with visual impairments in the following manner:

    a. The screen reader software does not read the information provided in the upper heading of the website. For instance there is "View Our 3D Eye Library" and two telephone numbers in the header that are not read by the screen reader software.

    b. The screen reader software does not read the "Patient Portal" inside the header is not properly read by the screen reader software.

c. "Cataract", "Cornea Ocular Surface", "Laser Vision Correction", "Glaucoma", "Oculoplastics & Cosmetics" and "Retina & Macula" are links to videos that are not able to be adequately controlled using the keyboard. One cannot pause/restart the videos using the key board or control the volume. The screen reader software or disabled user is unable to play or access the videos using keyboard only.

d. At the bottom of the home page there is a index of buttons (Home, Our Doctors, Locations, Contact Us, Find an Optometrist and Doctors Area), the screen reader software does the read "Find an Optometrist" properly. The screen reader does not say "home" it says "index." The screen reader software does not read "Doctors Area".

e. On the home page there is a link to "News and Events" and the screen reader software does not accurately read/pronounce "news and events."

f. On the "Our Doctors" page, on the right side in a grey box contains text including "News and Events", "Request an Appointment" and "Call Today" with the Dade and Broward telephone numbers. None of this text is read by the screen reader software.

g. On the "contact us" page, no phone number is read on the entire web site.

6

h. On the "contact us" page, there is a field that allows a user to communicate to different departments of the Aran Eye Associates.  The web site provides visual options to pick which department is communicated with, however, the screen reader software does not read the particular departments without clicking on each particular department.  As such, a visually impaired patient would not be able to adequately communicate with the appropriate department.

21.   At all times relevant to this Complaint, Defendant ARAN EYE ASSOCIATES, P.A.  has received Medicare/Medicaid payments, or other federal funds payments for services rendered to their patients.

22.   At all times relevant to this Complaint, Defendant ARAN EYE ASSOCIATES, P.A. was either aware of or deliberately indifferent to the violations of the ADA and Section 504 of the Rehabilitation Act of 1973, described in this Complaint at the time the decision was made to locate this medical facility at the Property which was clearly not compliant with the ADA.

23.   At all times relevant to this Complaint, Defendant ARAN EYE ASSOCIATES, P.A. had opportunities to correct the numerous exterior, interior and web site ADA violations present at the property but chose not to do so.

24.   Defendant, 1097 LEJEUNE INVESTMENTS, INC. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. 1097 LEJEUNE INVESTMENTS, INC. is the owner and/or operator of the Facility.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

## <u>COUNT I: VIOLATION OF THE ADA AS TO BOTH DEFENDANTS</u>

25.     Plaintiff reavers the allegations set forth in paragraphs 1 through 24 as though fully stated herein.

26.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

27.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

28.  Congress explicitly stated that the purpose of the ADA was to:

   (i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   (iv)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

29.  The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

30.  The Facility is a public accommodation and service establishment.

31.  Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.  Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

32.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

33.    Plaintiff has attempted to and has, to the extent possible, accessed the Facility in his capacity as a patient of ARAN EYE ASSOCIATES, P.A., but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and the web site that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.    Defendant 1097 LEJEUNE INVESTMENTS, INC. has no operational control or liability under the ADA regarding the web site.

35.    Plaintiff intends to visit the Facility and the web site again in the very near future as a patient in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and the web site, but will be unable to fully do so because of his disability and the barriers to access, conditions and ADA violations that exist at the Facility and the web site that preclude and/or limit his access to the Facility and web site and/or services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10

36.     Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and web site, as prohibited by, and by failing to remove barriers as required by 42 U.S.C. §12182, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all barriers that exist at the Facility and web site, including those specifically set forth herein, and make the Facility and web site accessible to and usable by persons with disabilities, including Plaintiff.

37.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and web site and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**

a. The access aisle to the accessible parking space is not level due to the presence of a ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property and/or Facility.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

b. Accessible parking spaces are not properly located and/or distributed on the Property and/or Facility in violation of section 208.3 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to locate an accessible parking space.

c. There is at least one accessible parking space that does not have properly marked access aisles in violation of section 502.3.3 of the 2010 ADAAG standards. This violation poses a danger to Plaintiff as he attempts to access the accessible entrances of the Property and/or Facility.

**THIRD FLOOR RESTROOM**

a. The grab bars/handrails adjacent to the commode are missing or otherwise violate section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

b. The accessible toilet stall door is not self-closing and/or otherwise violates section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

c. The restroom door swings into the clear floor space or space required by fixtures in the restrooms in violation of section 603.2.3 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

d. The clear width of the door providing access to the restrooms is less than 32 inches in violation of section 404.2.3 of the 2010 ADAAG

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

e. Dispensers and/or hand drying devices in the restrooms are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

f. The trash receptacle in the restrooms are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

g. The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

h. There is inadequate clear turning space in violation of section 603.2.1 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

i. The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize the restroom facilities.

38.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and web site.

39.    All of the above violations are readily achievable to modify in order to bring the Facility and web site into compliance with the ADA.

40.    The removal of the barriers to access and conditions present at the Facility and web site is readily achievable because the nature and cost of the modifications are relatively low and the Defendants have the financial resources to make the necessary modifications.

41.    Upon information and belief, the Facility and web site has been altered since 2010.

42.    In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 29 can be applied to the 1991 ADAAG standards.

43.    Plaintiff has attempted to gain access to the Facility and web site in his capacity as a patient, but because of his disability has been denied full access to, and has been denied the benefits of services, programs and activities of the Facility and the web site, and has otherwise been discriminated against and damaged by Defendants, because of the barriers, conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

44.   The removal of the barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.     42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

45.   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

46.   Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.

47.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the barriers to access and alter the subject Facility to make it readily accessible to and useable by

individuals with disabilities to the extent required by the ADA, required Defendant ARAN EYE ASSOCIATES, P.A to modify the web site to bring it into compliance with the ADA and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

**COUNT II – Violation of the Rehabilitation Act of 1973 against ARAN EYE ASSOCIATES, P.A.**

48.     Plaintiff reavers the allegations set forth in paragraphs 1 through 24 and 30 through 47 as though fully stated herein.

49.     Prior to ARAN EYE ASSOCIATES, P.A. being located at the Facility, ARAN EYE ASSOCIATES, P.A. intentionally discriminated, or at a minimum, was deliberately indifferent to the discrimination of individuals with visual disabilities, like Plaintiff, by choosing to locate its medical offices in a location that clearly violated multiple aspects of the ADA, the Rehabilitation Act of 1973 and ADAAG relating to visual disabilities.

50.     The fact that ARAN EYE ASSOCIATES, P.A. is one of the most advanced eye treatment centers in the United States, means that it is continually treating individuals with visually and mobility related disabilities. As such, ARAN EYE ASSOCIATES, P.A. is, at a minimum, deliberately indifferent to discrimination experienced by individuals with visually and mobility related disabilities.

51.     ARAN EYE ASSOCIATES, P.A. has intentionally discriminated against Plaintiff and others with visual and mobility related disabilities, by choosing a location it knew to be non-compliant with the ADA relating to

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

barriers to access impacting the mobility impaired as well as implementing a web site that is not adequately accessible/usable to the most popular screen reader software, thus denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property.

52.     ARAN EYE ASSOCIATES, P.A. has never requested from 1097 LEJEUNE INVESTMENTS, INC., or any other prior landlord or property manager who has operational control over the Property that the barriers to access found throughout the Property be corrected despite servicing numerous individuals with visual and mobility related disabilities such as the Plaintiff.

53.     By being intentionally indifferent to the plight of the visual and mobility impaired, ARAN EYE ASSOCIATES, P.A. has imposed an eligibility criteria for its patients, this eligibility criteria tends to screen out an individual with mobility related disabilities from fully enjoying the services and facilities ARAN EYE ASSOCIATES, P.A. provides.

54.     Moreover, ARAN EYE ASSOCIATES, P.A. has failed to take such steps as may be necessary to ensure that no individual with a visual and mobility related disability, like Plaintiff, is excluded, denied services or otherwise treated differently than other non-disabled individuals because of the absence of auxiliary aids and services.

55.     The intentional nature of the discrimination ARAN EYE ASSOCIATES, P.A., has wrought on Plaintiff, stems in part from the fact that ARAN EYE ASSOCIATES, P.A. is a complex business owner who interacts with

individuals with visual and mobility related disabilities on a regular basis. Any failure on the part of ARAN EYE ASSOCIATES, P.A. to choose a location that complies with the ADA, modify the property to comply with the ADA, configure the web site to adequately work with the most popular screen reader software or for its own policies and procedures to comply with the ADA, ADAAG or Rehabilitation Act relating to barriers to access impacting individuals with mobility-related disabilities, like Plaintiff, can only be the result of an animus or distaste against individuals with visual and mobility related impairments.

56.     The intentional discrimination of the Plaintiff by ARAN EYE ASSOCIATES, P.A. has caused Plaintiff to suffer emotional distress and damages in the past and he continues to suffer distress and damages in the future due to ARAN EYE ASSOCIATES, P.A.'s intentional discrimination.

57.     Moreover, Plaintiff's intent to return to the Facility and Property to have his eyes checked is giving him further emotional distress as he is concerned about his safety when he intends to return.

58.     Plaintiff's intent to return stems, in part, from a desire not to be bullied or cringe in the face of discrimination, so despite his anxiety Plaintiff desires to return.

59.     In accordance with the 11th Circuit's opinion of *Shelly vs. MRI Radiology Network,* 505 F.3d 1173 (11th Cir. 2007), Plaintiff seeks damages for mental and emotional distress caused by the personal humiliation, mental anguish and suffering caused by the intentional discrimination of ARAN EYE

ASSOCIATES, P.A.  These emotional damages are available to make whole the victims of violations of § 504 of the Rehabilitation Act.

60.    Plaintiff further seeks a declaratory judgment that the ARAN EYE ASSOCIATES, P.A.'s inactions, policies and practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by discriminating against him on the basis of his disability.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining ARAN EYE ASSOCIATES, P.A. from continuing its discriminatory practices, ordering ARAN EYE ASSOCIATES, P.A. to seek removal of the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by Section 505 of the Rehabilitation Act of 1973, ordering Defendant ARAN EYE ASSOCIATES, P.A to modify the web site to bring it into compliance with the ADA entering a declaratory judgment asserting that ARAN EYE ASSOCIATES, P.A.'s practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by intentionally discriminating against him on the basis of his disability, compensate Plaintiff for mental and emotional distress damages and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

Respectfully submitted this 26th day of March, 2015.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiff
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com